```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION

PRESTON JEROME TAYLOR,          *
                                *
     Plaintiff,                 *
                                *
vs.                             *  CIVIL ACTION NO. 23-00299-TFM-B
                                *
NAPH CARE,                      *
                                *
     Defendant.                 *
```

## REPORT AND RECOMMENDATION

Plaintiff Preston Jerome Taylor, an inmate at the Mobile County Metro Jail, filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983 and a motion to proceed without prepayment of fees. (Docs. 1, 2). This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). Upon review of Taylor's complaint and this Court's records, the undersigned recommends that this action be **DISMISSED without prejudice**, prior to service of process, as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I.   Legal Standards for Screening a Complaint for Maliciousness.**

Because Taylor seeks to proceed *in forma pauperis*, the Court has performed a screening review of his complaint pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B). That section requires a district court to dismiss an *in forma pauperis* prisoner action if the court determines that the action (i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i-iii).

An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs it under penalty of perjury, as such a complaint is an abuse of the judicial process that warrants dismissal without prejudice as malicious.  See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the counting of an action that was dismissed for abuse of the judicial process because the inmate lied under penalty of perjury about the existence of a prior lawsuit as a strike under 28 U.S.C. § 1915(g)), overruled on other grounds by Jones v. Bock, 549 U.S. 199, 215-17 (2007); see also Schmidt v. Navarro, 576 F. App'x 897, 898-99 (11th Cir. 2014) (per curiam) (finding that the district court did not abuse its discretion in dismissing prisoner's complaint without prejudice for failing to disclose two previously dismissed federal actions on his complaint form); Sears v. Haas, 509 F. App'x 935, 935–36 (11th Cir. 2013) (per curiam) (affirming dismissal of prisoner's action without prejudice where, in a complaint signed under penalty of perjury, the inmate failed to disclose a case filed just five months before and another case dismissed years earlier for failure to state a claim); Harris v. Warden, 498 F. App'x 962, 964 (11th

2

Cir. 2012) (per curiam) (affirming dismissal of action without prejudice for abuse of the judicial process when the inmate failed to disclose the type of cases the complaint form required him to disclose); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 131-32 (11th Cir. 2012) (per curiam) (affirming dismissal of an inmate's action without prejudice when he avowed on the complaint form under the penalty of perjury that he had never had an action dismissed prior to service of process, even though he had at least one), cert. denied, 569 U.S. 960 (2013); Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (per curiam) (affirming the dismissal of an inmate's action without prejudice when he filed a complaint signed under penalty of perjury and did not disclose a prior lawsuit relating to his imprisonment or conditions of imprisonment when the complaint form asked for the disclosure of such lawsuits).

When an action is subject to dismissal without prejudice as malicious, the court must consider whether the action may be re-filed. See Schmidt, 576 F. App'x at 899 (affirming the dismissal without prejudice of an action for the plaintiff's failure to disclose prior lawsuits because the statute of limitations had not expired and the complaint could be re-filed). When the statute of limitations has expired, a dismissal without prejudice is tantamount to a dismissal with prejudice because the plaintiff is unable to re-file a viable action, and the court should then

3

consider lesser sanctions. See Stephenson v. Warden, Doe, 554 F. App'x 835, 837 (11th Cir. 2014) (per curiam); Hines v. Thomas, 604 F. App'x 796, 800 (11th Cir. 2015) (per curiam). In Alabama, the statute of limitations for filing a § 1983 action is two years. Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc).

**II. Analysis.**

In the present action, the Court's complaint form directed Taylor to disclose whether he had filed any other lawsuits in state or federal court relating to his imprisonment or dealing with the same or similar facts involved in this action. (Doc. 1 at 3). The form expressly provides that if the answer to either of those questions is yes, the plaintiff is to describe each lawsuit in the space below, and if necessary, describe additional lawsuits on a separate piece of paper using the same format set forth in the complaint. (See id.). Taylor denied having filed any other lawsuits relating to his imprisonment or dealing with the same or similar facts involved in this action. (Id.). Taylor then proceeded to swear or affirm under penalty of perjury that the facts set out in his complaint are true and correct. (Id. at 8).

In screening Taylor's complaint under 28 U.S.C. § 1915(e)(2)(B), the undersigned reviewed this Court's records and determined that Taylor previously filed at least two other § 1983 action while incarcerated at the Mobile County Metro Jail, one of

which related to his conditions of confinement at the jail. Taylor did not disclose either of those previous lawsuits in his complaint. (See id. at 3).

This Court's records reflect that Taylor filed a § 1983 action complaining of the conditions in the Mobile County Metro Jail while he was incarcerated at the jail in 2017. See Taylor v. Oliver, Case No. 1:17-cv-00289-KD-MU (S.D. Ala. 2017), ECF No. 1. In that action, Taylor sued the Warden of the Mobile County Metro Jail, whom he claimed was "ultimately responsible for every issue regarding th[e] facility." ECF No. 7. Taylor asserted that jail inmates were "being subjected to horrible conditions and poor treatment as if [they were] already convicted." Id. He complained of inadequate food portions, overcrowding in cells that forced inmates to regularly sleep on the floor, and the lack of access to a law library at the jail. Id. In January 2019, Taylor's case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted. ECF No. 19, 20.

In July 2021, Taylor filed another § 1983 action while he was incarcerated at the Mobile County Metro Jail. See Taylor v. Crowe, Case No. 1:21-cv-00342-TFM-B (S.D. Ala. 2021). In that case, Taylor sued two Houston police officers and "The State of Texas/Harris County Jail" for "wrongful arrest," "false imprisonment," "prejudice," and "harassment." ECF No. 1. Because

5

it was filed in the wrong venue, the case was transferred to the Southern District of Texas in August 2021.  ECF No. 4, 5.

Notwithstanding the fact that the complaint form in this action expressly requested information about any prior lawsuits filed by Taylor relating to his imprisonment or dealing with same or similar facts involved in this action, he did not disclose the existence of either of the prior § 1983 lawsuits referenced above.  (See Doc. 1 at 3).  Accordingly, there can be little question that when Taylor filed the complaint in the instant action, he knowingly chose not to list any of his prior actions and then proceeded to sign his complaint under penalty of perjury, notwithstanding his misrepresentations.  (See id. at 8).

The Court's complaint form requests information about prior actions from a prisoner plaintiff to assist in determining whether the prisoner's action is barred under 28 U.S.C. § 1915(g) (the "three-strikes" rule), whether the action is connected to another action, and whether the plaintiff is familiar with litigating his claims.  See Doctor v. Nichols, 2015 U.S. Dist. LEXIS 124946, at *9-10, 2015 WL 5546397, at *3 (N.D. Fla. Aug. 19, 2015).  When the prisoner fails to provide information about all of his prior actions on the complaint form, the Court is deprived of this knowledge and is forced to expend more time and resources than would otherwise be necessary.  Id., 2015 U.S. Dist. LEXIS 124946, at *10, 2015 WL 5546397, at *3.

6

Moreover, the judicial system is structured so that when a plaintiff files a civil action, he certifies to the court that his signed pleading, "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] . . . is not being presented for any improper purpose, . . . [and] the factual contentions have evidentiary support . . . ." Fed. R. Civ. P. 11(b)(1) & (3). The purpose of Rule 11 is to impress on the signer his personal responsibility for validating "the truth and legal reasonableness" of the document he is filing, which assists in conserving the court system's resources and in avoiding unnecessary proceedings. Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc., 498 U.S. 533, 543, 547 (1991).

Because Taylor was not truthful to the Court about his prior litigation on his complaint form, his action is subject to being dismissed as malicious for abuse of the judicial process. The only reason the undersigned would not recommend dismissing this action without prejudice is if the present action could not be re-filed because the two-year statute of limitations for a § 1983 action had expired.

In his complaint form, Taylor alleges that the actions complained of occurred from June 13, 2023 (the date he "was re-arrested" and "re-ent[ered]" the Mobile County Metro Jail) through the present. (Doc. 1 at 4). Considering that the actions or

7

omissions complained of in this case occurred in June 2023 at the earliest, there is no question that Taylor has the ability to re-file his action before the two-year statute of limitations expires, if he elects to do so.  Because his claims can be re-filed, Taylor's action is due to be dismissed without prejudice as malicious.

**III. Conclusion.**

For the foregoing reasons, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), because it is malicious.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper

objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **10th** day of **August, 2023.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**